**TIFFANY & BOSCO**
P.A.

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-24776

**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: May 04, 2011**



_____
**RANDOLPH J. HAINES**
U.S. Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Leighanne Daum<br>      Debtor.<br><br>Wells Fargo Bank, N.A.<br>      Movant,<br>  vs.<br><br>Leighanne Daum, Debtor, Russell A. Brown, Trustee.<br><br>      Respondents. | No. 2:10-bk-27147-RJH<br><br>Chapter 13<br><br>ORDER<br><br>(Related to Docket #16) |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated July 24, 2006 and recorded in the office of the Maricopa County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Leighanne Daum has an interest in, further described as:

> Lot 77, WILLOW CREEK, according to Book 210 of Maps, Page 43 and Corrected by Affidavit of Correction recorded May 25,1979 in Docket 13656, Page 891 and Affidavit recorded August 27, 1979 in Docket 13858, Page 243, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.